NicholsON, C. J.,
delivered the opinion of the court.
J. B. & W. Walker sued W. E. Hunt in the Circuit Court of Shelby County, in trover, for the conversion of a number of mules-and horses and six bales of cotton.
The case was tried on the plea of not guilty,, and a verdict rendered for the plaintiffs, and Hunt has appealed.
The facts upon which the questions for our determination arise, are the following:
Wm. Walker, the father of the plaintiffs below, was indebted to T. T. Green & Co. in the amount of $10,000, for the rent of a plantation in Mississippi; and, in the fall of 1866, they procured a distress warrant to be issued, under the law of that State, and levied on a number of horses and mules and a quantity of cotton, as the property of Wm. Walker.
*553 After the levy, and before the day of sale, J. P. ■&, W. "Walker claimed thirteen of the mules and three of the horses and six bales of the cotton, as their property, and so notified the sheriff; but they were unable to replevy the property, because of their inability to give the security required in such cases by the law of Mississippi.
The sheriff, however, was not willing to proceed to sell the property, so claimed by the plaintiffs below, until the plaintiffs in the distress writ gave him a bond of indemnity, on which Hunt became an obligor, as the surety of T. T. Green & Co.
The sheriff then proceeded to sell the disputed property, and the proceeds were paid over to the plaintiffs in the distress writ.
The first and main ground of defense is, that if the suretyship of Hunt on the bond of indemnity can be held to implicate him in a conversón, still, the action of trover therefor cannot be maintained in Tennessee, or anywhere else.
The reason assigned is, that, by the common law, the landlord had a right to distrain the property of a stranger, if found upon the premises of the tenant; and that, by the statute of Mississippi abolishing this right of distress of a stranger’s property, it is provided that the stranger must pursue his property by an action of replevin before the sale of the property by the sheriff.
If he fail to do so, it is insisted that his right to sue in Mississippi, or anywhere- else, is lost.
The court below was requested to charge the jury *554 in accordance with this proposition, but refused to do so, and that refusal' is now Relied on as error.
There is no controversy between the counsel sfe to 'the right of the plaintiffs to sue in trover in Tennessee if their failure to sue in replevin, in pursuance of. the Mississippi statute, did not operate as a forfeiture of their right to sue at all.
The question is, whether the statute of Mississippi restricts the plaintiffs to the single remedy of replevin, blit does not destroy the right of action.
In that view of the statute, although the remedy by an action of trover could not be prosecuted in Mississippi, yet, as the right of action was not destroyed, the action of trover could be maintained in Tennessee.
The statute, so far as it is involved in this question, is as follows:
“No goods or chattels found or being in or upon any demised premises, and not belonging to the tenant, or to some person bound or liable for the rent of said premises, shall be liable to be distrained for the said rent, &c.; and no person claiming title to such property distrained for rent shall in any manner avail himself of the provisions of this section, unless by a writ of replevin sued out and levied before the sale of such property under the distres-.”
It is then provided, that, to have the benefit of such writ of replevin, he must make affidavit as to-his title, give bond, &c.
What is the consequence if the claimant fails to resort to the writ of replevin? Is his title to the *555 property thereby lost, and does he thereby .forfeit all claim for damages?
If this be so, then, if a stranger’s goods or chattels are on. the demised premises, and are levied on by the distress writ, but the stranger himself is not present to assert his claim, or to resort to his writ of replevin, his property will be sold without his knowledge and in his absence, and he will be not only cut off from his replevin suit, but also deprived of any claim to damages by any other form of proceeding.
We should be very reluctant to put a construction upon the statute leading to such absurd consequences,, and such gross injustice.
But we hold that such is not the reasonable or just meaning of the statute.
The first provision of the section makes it unlawful to distrain the goods and chattels of a stranger found on the demised premises.
It is true that this is the abolition of a common law right of the landlord, — a right, however, which we should hesitate to view as at all consistent with-the genius and spirit of American institutions.
But this statute makes it unlawful to distrain property so situated. If, therefore, the ' landlord procures the sheriff to levy his distress writ on a stranger’s property, his proceeding is in the teeth of the law.
The policy of the law is, however, that the sheriff shall not be restrained from selling except by a writ of replevin before the sale takes place.
*556 This is designed to protect the purchaser from having the property afterward taken by replevin from him.
The statute does not say that the party whose property is thus unlawfully seized and sold shall have no remedy, but only that he shall not in any manner avail himself- of the provisions of this section except by a writ of replevin, sued out and levied before the sale of the property.
This has exclusive reference to the remedy, and cannot by any fair interpretation be construed to affect the right to compensation for the property.
The owner can never bring replevin for his property and recover that, because the statute. forbids this unless it be done before the sale.
In the present case, Hunt, who is charged with the conversion, was not a citizen of Mississippi, but ■of Tennessee.
He is charged with going into Mississippi and there aiding the landlord in converting the property of the plaintiffs, who were citizens of that State; and, when sued in Tennessee, he insists that if he converted the property he did so in Mississippi, and that it was the property of citizens of Mississippi, and because it was not reclaimed by replevin béfore its sale, there is no remedy furnished by the laws of Tennessee to redress the wrong.
We think it clear that the statute operates only upon the remedy in Mississippi, but that in Tennessee the remedy by trover, for the injury, is rightfully resorted to.
*557 We are, therefore, of the opinion that the court below committed no error in declining to charge upon this question as requested.
The next point in the case, which we deem proper to notice, is the alleged error in allowing the plaintiffs to read copies of the distress writ and the proceedings thereon, together with a copy of the indemnity bond given to the sheriff.
The suit was not brought on the bond of indemnity, — the bond is not declared as on the foundation of the action.
Without determining whether there was error in. allowing these copies to be read, we think it sufficient to say, that all the facts stated in these proceedings were fully proved by oral testimony on both sides without objection.
It was independent proof made by the defendant as well as by the plaintiffs, and made without objection on either side.
Indeed, the defense relied on in the case is based upon the assumption that the property was seized by the sheriff and sold under a distress writ, and that the execution of the indemnity bond was a necessary part of the proceeding, to effectuate the sale under the seizure. And the proof of the defendant is directed to the establishment of these facts.
We are unable to see how he was damaged by the admission of copies of these proceedings, which were proved as fully orally, and without objection, as by the copies, much of the proof being made by himself.
*558 The next question is, whether the fact, that Hunt joined in the bond of indemnity to the sheriff made him liable for the conversion as a co-trespasser.
It is in proof, that after the sheriff was notified of the claim made by the plaintiffs to the property levied on, he declined to proceed with the sale until be was indemnified.
Hunt signed the bond of indemnity, as surety of T. T. Green & Co., and by that means the sheriff was induced to sell.
It is clear, that if the sheriff was a trespasser in selling the property, all who advised, or induced, or procured, him to sell, by executing the bond, were equally guilty.
It was held, in the case of Lovejoy v. Murray, 3 Wall., 10, that the giving of a bond of indemnity by a plaintiff in an attachment, to induce the officer to hold, after levy, property not subject to the writ, makes such plaintiff a joint trespasser with the officer as to all that is done with the property afterward.
In Davis v. Newkirk, 5 Denio, 92, the defendants were sureties on an indemnity bond to the sheriff for levying upon and selling property, to satisfy a judgment of their co-defendants; and it was held, that, as it was in consequence of receiving this bond that the sheriff proceeded to make the levy and sale, if that were wrongful, these defendants were responsible therefor.
As the act of seizing and selling the goods was wrongful, this, of itself, is sufficient evidence of a *559 conversion, and no demand of the goods was necessary. Houston v. Dyche, Meigs, 77.
The result is, that we find no error in the record, and affirm the judgment.